UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALFONSO SANCHEZ-ELORZA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 4:13-CV-00489-EJL<br>       4:11-CR-00175-EJL<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Petitioner's § 2255 Motion to vacate, set aside, or correct sentence. (CV Dkt. 1) (CR Dkt. 126.)[1] In response, the Government has filed a Motion to Dismiss to which Petitioner has replied. (CV Dkt. 5, 7.) The matter is ripe for the Court's consideration.

## FACTUAL AND PROCEDURAL BACKGROUND

The Indictment in this case charged the Petitioner Alfonso Sanchez-Elorza with Conspiracy to Distribute a Controlled Substance, Possession with Intent to Distribute a Controlled Substance, and Deported Alien Found in the United States. (CR Dkt. 27.)

---

[1] In this Order, the Court will use (CR Dkt.  ) when citing to the criminal case (4:11-cr-175-EJL) and (CV Dkt.  ) when citing to the civil case (4:13-cv-00489-EJL).

ORDER - 1

On December 13, 2011, Petitioner Alfonso Sanchez-Elorza plead guilty to the charge of Deported Alien Found in the United States and elected to proceed to trial on the remaining charges in the Indictment. (CR Dkt. 27, 58.) The trial began on December 13, 2011 and concluded on December 15, 2011 when the Jury returned a verdict of guilty on both of the remaining counts. (CR Dkt. 64, 68.) On March 12, 2012, this Court sentenced Mr. Sanchez-Elorza to a total of 176 months incarceration to be followed by a term of supervised release. (CR Dkt. 83, 86.) A Notice of Appeal was filed. (CR Dkt. 87.) On appeal, the Ninth Circuit affirmed the final judgment and, on May 30, 2013, issued its mandate. (CR Dkt. 123, 124.)[2]

On November 12, 2013, Petitioner timely filed the instant § 2255 Motion. (CR Dkt. 126) (CV Dkt. 1.)[3] The Government responded by filing its Motion to Dismiss on February 13, 2014. (CV Dkt. 5.) The Court finds as follows.

## STANDARD OF REVIEW

Section 2255 permits a federal prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the grounds that:

---

[2] On December 3, 2015, a Joint Motion to Reduce Sentence pursuant to the Sentencing Guidelines Amendment 782 was filed and granted whereby the Petitioner's sentence was reduced to 141 months. (CR Dkt. 140, 141.)

[3] A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f). In this case, Petitioner's § 2255 Motion filed on November 12, 2013 was timely made within one year of the Judgment becoming final. *See* 28 U.S.C. § 2255(f)(1).

ORDER - 2

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ....

§ 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962) (articulating the four grounds upon which § 2255 relief can be claimed).

There is a distinction between constitutional and jurisdictional errors and errors of law or fact. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 593 (2d ed. 1982). If the alleged error is one of law or fact, then § 2255 does not provide a basis for collateral attack "unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citing *Hill*, 368 U.S. at 428). Section 2255 is not a substitute for appeal. *Id.* at 184. If the matter has been decided adversely to the defendant on direct appeal, the matter cannot be relitigated on collateral attack. *Clayton v. United States*, 447 F.2d 476, 477 (9th Cir. 1971); *Feldman v. Henman*, 815 F.2d 1318 (9th Cir. 1987).

## ANALYSIS

The § 2255 Motion in this case raises claims of ineffective assistance of counsel by both trial and appellate counsel and abuse of discretion by the Court at sentencing. (CV Dkt. 1, 7.) The Government asserts the § 2255 Motion should be dismissed without a hearing. (CV Dkt. 5.)

**1.      Dismissal of the Petition without a Hearing**

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255(b)). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2010).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *Id.* at 1062–63 (citation omitted). That is to say, the court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted). Where it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *McMullen*, 98 F.3d at 1159 (citation

ORDER - 4

omitted). Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

Because it is clear the § 2255 Motion in this case fails to state a claim and has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," this Court denies the § 2255 Motion without an evidentiary hearing for the reasons stated herein. *Quan*, 789 F.2d at 715.

**2.     Ineffective Assistance of Counsel**

The Sixth Amendment guarantees "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). A petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that 1) counsel's actions were "outside the wide range of professionally competent assistance," and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations do not prove that counsel was ineffective. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). Petitioner fails to state a claim for ineffective assistance by failing to allege facts sufficient to meet either the "performance" or "prejudice" standard, and the district court may summarily dismiss his claim. Stated differently, "[t]o be entitled to habeas relief due to the ineffectiveness of defense counsel, petitioner must establish both that counsel's performance was deficient and that the deficiencies prejudiced the defense." *Medina v. Barnes*, 71 F.3d 636, 368 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 687, 689). The Court evaluates "counsel's performance from [their] perspective at the time of that

ORDER - 5

performance, considered in light of all the circumstances, and we indulge a strong presumption that counsel's conduct fell within the 'wide range of reasonable professional assistance.'" *Medina*, 71 F.3d at 368.

### A. Performance Prong

Petitioner argues his trial attorney failed to preserve certain claims, failed to object to the *Booker* and *Apprendi* violations at sentencing, failed to object to the Court not explaining its reasons for the sentence, and failing to raise a claim of prosecutorial misconduct. (CV Dkt. 1-1, 7.) Similarly, Petitioner argues his appellate counsel was ineffective for failing to make and preserve certain objections. The Government counters that the Court properly calculated the applicable guideline range, considered the relevant sentencing factors, and outlined its reasons for the sentence imposed. (CV Dkt. 5.)

Establishing "deficient performance" requires the movant to show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687; *Harrington v. Richter*, 562 U.S. 86, 104 (2011). "Deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011). In evaluating counsel's performance, the court must apply a strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689 (A "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."); *see also Knowles v. Mirzayance*, 556

ORDER - 6

U.S. 111, 123 (2009) (Evaluating a § 2254 petition). A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance of counsel claim. *See Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990); *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984).

### i)    Failure to Object/Preserve Arguments

Petitioner has failed to show that either his trial counsel or his appellate counsel were deficient. As determined later in this Order, the Court did not abuse its discretion at sentencing and properly calculated the guideline range and explained its reasons for the sentence imposed. (CR Dkt. 115.) There were no *Booker* or *Apprendi* violations. Therefore, neither of Petitioner's counsel were defective for failing to raise or preserve objections concerning the same.

### ii)    Prosecutorial Misconduct

The prosecutor misconduct claim raised by Petitioner alleges that the Government failed to disclose exculpatory material information in violation of *Brady v. Maryland*, 373 U.S. 83 (1983). As such, Petitioner argues, he was denied a fair trial and there is a reasonable probability that, had the evidence been disclosed, the result of the proceedings would have been different. (CV Dkt. 1, 7.) In response, the Government notes that Petitioner has failed to make any specific allegations of misconduct or failure to disclose *Brady* material by the Government. (CV Dkt. 5.) The Court finds Petitioner's general, conclusory allegations of prosecutorial misconduct and the related ineffective assistance of counsel argument for failing to raise any prosecutorial misconduct claim are insufficient to meet his burden on this § 2255 Motion.

### B. Prejudice Prong

Petitioner argues he has been "severely" prejudiced because the length of his sentence exceeds that which he would have received had it been "correctly calculated." (CV Dkt. 1-1, 7.) In particular, Petitioner claims the correct guideline range was 121-151 months and, therefore, he has been prejudiced by having received a sentence of 176 months. (CV Dkt. 7.) The Government asserts there is no prejudice from the imposition of the sentence because it was within the correct guideline range, reasonable, and appropriately imposed. (CV Dkt. 5.)

Strickland's second prong requires the Petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693). "[A]n attorney's inadequate representation does not rise to the level of a constitutional violation unless the deficiency so infected the adversarial process as to raise doubts about the reliability of the proceeding's outcome." *Howard v. Clark*, 608 F.3d 563, 568 (9th Cir. 2010) (citing *Strickland*, 466 U.S. at 687). Again, a "mere conclusory statement" showing neither cause nor actual prejudice is insufficient for relief under § 2255. *See Mejia-Mesa*, 153 F.3d at 929 (citation omitted). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the movant as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Nor does the

ORDER - 8

court need not address both prongs of the *Strickland* test if the petitioner's showing is insufficient as to one prong. *Id.* at 697.

Having reviewed the entire record in this matter and considering the Petitioner's claims, the Court finds that the Petitioner has not shown any prejudice, or any reasonable probability of prejudice, resulting from any of his claims. Again, the Court did not abuse its discretion at sentencing, the sentence was reasonable, and there are no specific allegations of prosecutorial misconduct showing the outcome of the case would have been different.

The Court notes that Petitioner maintains his innocence in the § 2255 Motion. (CV Dkt. 1, 7.) This argument was addressed and rejected by this Court at the sentencing hearing and in the Petitioner's direct appeal. (CR Dkt. 115, 123.) Claims previously raised on appeal "cannot be the basis of a § 2255 motion." *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985). In addition, claims challenging the sufficiency of the evidence at trial are not cognizable by way of § 2255 motions. *See United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (movant's "evidence-based" claim that "called into doubt the overall weight of the evidence against him" was not cognizable in § 2255 motion); *see also Barkan v. United States*, 362 F.2d 158, 160 (7th Cir. 1966) ("[A] collateral proceeding under section 2255 cannot be utilized in lieu of an appeal and does not give persons adjudged guilty of a crime the right to have a trial on the question of the sufficiency of the evidence or errors of law which should have been raised in a timely appeal."). Even if a claim of insufficient evidence were properly before this Court, it is denied as the Ninth Circuit has already concluded that the evidence introduced at trial

ORDER - 9

was sufficient to support the jury verdict against Petitioner on the charges. The § 2255 Motion is denied.

### 3.     Abuse of Discretion by the Court

Petitioner argues the Court abused its discretion when it imposed sentence by failing to state reasons for and/or explain the basis for the sentence as required by § 3553(c)(2). (CV Dkt. 1-1, 7.) This requirement to explain the basis for the sentence is particularly necessary here, the Petitioner argues, because the Court sentenced above the guidelines range.

This Court has reviewed the entire record in this matter including, in particular, the transcripts, presentence report, and all of the sentencing materials. Having done so, the Court finds that the Petitioner has failed to point to any abuse of discretion by the Court at sentencing. The Court considered the § 3553(a) sentencing factors and explained the reasons and basis for the sentence imposed at the sentencing hearing. The parties presented argument in their sentencing materials and at the sentencing hearing regarding the sentencing factors which the Court carefully considered and commented on in the record at the sentencing hearing – in particular the disparity between sentences factor. (CR Dkt. 115.) Further, the Court correctly calculated the sentencing guidelines at an offense level of 34 with a criminal history category of I which provides for a range of 151 to 188 months. (CR Dkt. 115.)[4] The sentence imposed at the hearing of 176 months was

---

[4] The Court removed the obstruction of justice enhancement applied in the presentence report which reduced the total offense level by two. (CR Dkt. 115 at 22.)

in the middle of the applicable guideline range. Based on this record, the Court did not abuse its discretion at sentencing in this case. The § 2255 Motion is denied.

### 4.      Certificate of Appealability

A Petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the Court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a Petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the Court has denied a § 2255 motion or claims within the motion on the merits, a Petitioner must show that reasonable jurists would find the Court's decision on the merits to be debatable or wrong. *Id.* The Court finds that Petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the Court declines to issue a certificate of appealability.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (CV Dkt. 1) (CR Dkt. 126) is **DENIED**.

2) The Government's Motion to Dismiss (CV Dkt. 5) is **GRANTED** and the civil case is **DISMISSED IN ITS ENTIRETY**.

3) Certificate of Appealability is **DENIED**.

DATED: October 27, 2016

Edward J. Lodge
United States District Judge